ACCEPTED
13-16-00099-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/30/2016 10:09:11 PM
Dorian E. Ramirez
CLERK

NO. 13-16-00099-CV

_____

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/3/2017 8:00:00 AM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS

_____

FIRST CASH, LTD

VS

JQ-PARKDALE, LLC, H&JQ PD, LLC,
W-SB STAPLES/SPID LLC, R-SB STAPLES/SPID, LLC,
PARKDALE INCOME PARTNERS, LP, & CAPITOL AREA
RETAIL DEVELOPMENT, II, INC.

_____

AN APPEAL FROM THE 319th COURT
OF NUECES COUNTY, TEXAS

_____

CROSS-APPELLEES' BRIEF
FOR JQ-PARKDALE, LLC, H&JQ PD, LLC,
W-SB STAPLES/SPID LLC, and R-SB STAPLES/SPID, LLC

_____

**ORAL ARGUMENT IS RE-
QUESTED**

John Runde
Tx Bar # 24093084
Eric Stewart
Tx Bar # 24058133
HUSEMAN & STEWART
615 N. Upper Broadway #2000
Corpus Christi, Tx 78401
Tel:    361.883.3563
Fax:    361.883.0210
JRunde@HusemanStewart.com
EStewart@HusemanStewart.com

1

## NAMES AND ADDRESSES OF ALL PARTIES

**APPELLANT/CROSS-APPELLEE:**

**First Cash, ltd.**

TRIAL COUNSEL:

Mr. Patrick L. Gaas
Mr. Paul Catalano
Mr. Edward S. Hubbard
COATS ROSE YALE RYMAN & LEE, PC
3 East Greenway Plaza, Suite 2000
Houston, TX 77046
Email: pgaas@coatsrose.com
Email: pcatalano@coatsrose.com
Email: ehubbard@coatsrose.com

Mr. Darrell Barger
Mr. Richard Crews
HARTLINE DACUS BARGER DEYER, LLP
800 N. Shoreline Blvd.
Suite 2000, N. Tower
Corpus Christi, TX 78401
Email: dbarger@hdbdlaw.com
Email: rcrews@hdbdlaw.com

APPELLATE COUNSEL:

Mr. Edward S. Hubbard
Mr. Patrick L. Gaas
COATS ROSE YALE RYMAN & LEE, PC
3 East Greenway Plaza, Suite 2000
Houston, TX 77046
Email: pgaas@coatsrose.com
Email: ehubbard@coatsrose.com

Mr. Richard Crews
HARTLINE DACUS BARGER DEYER, LLP
800 N. Shoreline Blvd.
Suite 2000, N. Tower
Corpus Christi, TX 78401
Email: rcrews@hdbdlaw.com

| | |
|---|---|
| **APPELLEES/CROSS-APPELLANTS** | **JQ-Parkdale, LLC, H&JQ PD, LLC, W-SB Staples/SPID LLC, R-SB Staples/SPID LLC** |
| TRIAL COUNSEL: | Van Huseman<br>Eric Stewart<br>HUSEMAN & STEWART<br>615 N. Upper Broadway #2000<br>Corpus Christi, Tx 78401<br>Tel:    361.883.3563<br>Fax:   361.883.0210<br>VHuseman@HusemanStewart.com<br>EStewart@HusemanStewart.com |
| APPELLATE COUNSEL: | John Runde<br>Eric Stewart<br>HUSEMAN & STEWART<br>615 N. Upper Broadway #2000<br>Corpus Christi, Tx 78401<br>Tel:    361.883.3563<br>Fax:   361.883.0210<br>JRunde@HusemanStewart.com<br>EStewart@HusemanStewart.com |
| **APPELLEES:** | **Parkdale Income Partners, LP, and Capitol Area Retail Development, II, Inc.** |
| TRIAL AND APPELLATE COUNSEL: | Paul Dodson<br>218 Leming Ave.<br>Corpus Christi, Tx 78404<br>Tel:    361.364.7415<br>Fax:   361.237.1963<br>paul@PaulDodson.net |

## REQUEST FOR ORAL ARGUMENT

JQ-Parkdale, LLC, H&JQ PD, LLC, W-SB Staples/SPID LLC, and R-SB Staples/SPID LLC, respectfully request oral argument at the time of submission.

## TABLE OF CONTENTS

NAMES AND ADDRESSES OF ALL PARTIES ................................................ 2

REQUEST FOR ORAL ARGUMENT ..................................................... 4

TABLE OF CONTENTS ............................................................... 5

LIST OF AUTHORITIES .............................................................. 7

REPLY ISSUE ..................................................................... 10

    **Reply Issue**: Texas Civil Practice and Remedies Code § 38.001 does not authorize recovery of attorney fees from a limited liability company ......... 10

STATEMENT OF FACTS ............................................................. 11

SUMMARY OF THE ARGUMENT ................................................... 11

    Texas Civil Practice and Remedies Code § 38.001 does not authorize recovery of attorney fees from a limited liability company ........................... 12

        Standard of review for JNOV and statutory construction ..................... 12

        Primary rule of statutory interpretation: if the law is not ambiguous, read it literally ..................................................................... 13

        Chapter 38 means what it says: only individuals and corporations can be liable for attorney fees, not LLCs ......................................... 14

            LLCs are not corporations ............................................... 14

            All of First Cash's arguments to ignore the wording of § 38.001 have been rejected ....................................................... 17

                '*Fleming* involved a limited partnership' ...................... 17

                'Corporations and limited liability companies are similar' ........ 17

                'Attorney fees have been awarded against limited-liability entities' ..................................................................... 18

                'The revision to Article 2226 was nonsubstantive' .................... 19

            The Legislature has rejected efforts to amend § 38.001 to include non-corporation entities ............................................... 20

Intermediate appellate courts lack the authority to make
exceptions to the American Rule ........................................................... 22

PRAYER FOR RELIEF ............................................................................... 23

CERTIFICATE OF SERVICE ................................................................... 24

CERTIFICATE OF COMPLIANCE ....................................................... 24

APPENDIX ...................................................................................................... 25

# LIST OF AUTHORITIES

Cases

Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp., 299 S.W.3d 106 (Tex. 2009).................................................................. 23

Alta Mesa Holdings, L.P. v. Ives, 488 S.W.3d 438 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ...........................................................16, 20

Baylor Health Care Sys. v. Nat'l Elevator Indus. Health Benefit Plan, 2008 U.S. Dist. LEXIS 4304 (N.D. Tex. 2008)...........................................17, 21

Box v. Dallas Mexican Consulate Gen., 2014 WL 3952932, 2014 U.S. Dist. LEXIS 111751 (N.D. Tex. 2014), aff'd, 623 Fed. Appx. 649 (5th Cir. 2015), cert. denied, 136 S. Ct. 1729 (2016) ..................................................... 17

Campbell v. State, 85 S.W.3d 176 (Tex 2002) ...................................................... 20

CBIF Ltd. P'ship v. TGI Friday's Inc., No. 050-15-00157-CV, 2016 Tex. App. LEXIS 12844 (Tex. App.—Dallas 2016, no pet. h.)................................... 16

Choice! Power, L.P. v. Feeley, 2016 WL 4151041, 2016 Tex. App. LEXIS 8409,  (Tex. App.—Houston [1st Dist.] 2016, no pet.)...................15, 16, 20

City of Corpus Christi v. Taylor, 126 S.W.3d 712 (Tex. App.—Corpus Christi 2004, pet. dism'd) ........................................................................................ 13

City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005) ........................................ 13

Combs v. Health Care Servs. Corp., 401 S.W.3d 623 (Tex. 2013) ..................... 15

Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433 (Tex. 2009). ............... 14

Epps v. Fowler, 351 S.W.3d 862 (Tex. 2011) ....................................................... 23

Exco Operating Co. v. McGee, 2016 WL 4379484, 2016 Tex. App. LEXIS 8934 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op.) ............ 17

Fleming & Assocs., L.L.P. v. Barton, 425 S.W.3d 560 (Tex. App.—Houston [14th Dist.], pet. denied).........................................................................17, 21

Fleming Foods of Tex., Inc. v. Rylander, 6 S.W.3d 278 (Tex. 1999)................ 20

Ganz v. Lyons P'ship, L.P., 173 F.R.D. 173 (N.D. Tex. 1997) ...................17, 19

Greco v. NFL, 2015 U.S. Dist. LEXIS 96239 (N.D. Tex. 2015) ................17, 20

Hoffman v. L&M Arts, 2015 US. Dist. LEXIS 27784 (N.D. Tex. 2015) . 17, 18, 19, 20

In the Interest of A.M., 101 S.W.3d 480 (Tex. App.—Corpus Christi 2002), rev'd, 192 S.W.3d 570 (Tex. 2006) .................................................. 20

In the Interest of M.N., 262 S.W.3d 799 (Tex. 2008) ........................................ 14

Lair v. Horn, 2002 WL 34249735, 2002 Tex. App. LEXIS 2935 (Tex. App.— Corpus Christi 2002, pet. denied) (mem. op.), cert. denied, 539 U.S. 965 (2003) ................................................................................................ 20

Marmon v. Mustang Aviation, Inc. 430 S.W.2d 182, (Tex. 1968) ..................... 22

Molinet v. Kimbrell, 356 S.W.3d 407 (Tex. 2011) ............................................. 14

Nat'l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525 (Tex. 2000). ...................... 14

Nathan v. Whittington, 408 S.W.3d 870 (Tex. 2013) ........................................ 14

Petro. Solutions, Inc. v. Head, 454 S.W.3d 518 (Tex. App.—Corpus Christi 2011), aff'd in part, rev'd in part, (Tex. 2014) .............................................. 23

Reedy v. Pompa, 310 S.W.3d 112 (Tex. App.—Corpus Christi 2010), rev'd, (Tex. 2011) .................................................................................................... 14

Riner v. Neumann, 353 S.W.3d 312 (Tex. App.—Dallas 2011, no pet.) ......... 23

SJ Med. Ctr., LLC v. Estahbanati, 418 S.W.3d 867 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ................................................................................ 18

St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503 (Tex.1997) ................... 14

Tex. DOT v. Needham, 82 S.W.3d 314 (Tex. 2002) .......................................... 14

Tony Gullo Motor I, L.P. v. Chapa, 212 S.W.3d 299 (Tex. 2006). ................... 23

Traxler v. Enrgergy Gulf States, Inc., 376 S.W.3d 742 (Tex. 2012) ................. 22

Traxxas, L.P. v. Dewitt, 2015 WL 7777986, 2015 U.S. Dist. LEXIS 161763 (E.D. Tex. 2015) ........................................................................................ 17

United States v. South Buffalo Ry., 333 U.S. 771 (1947) .................................. 22

Varel Int'l Indus., L.P. v. PetroDrillbits Int'l, Inc., 2016 WL 4535779, 2016 Tex. App. LEXIS 9619 (Tex. App.— Dallas 2016, pet. denied) (mem. op.) ............................................................................................................... 16

Volkswagen of Am., Inc. v. Ramirez, 159 S.W.3d 897 (Tex. 2004) ................. 13

Statutes

Tex. Bus. Orgs. Code § 1.002 .......................................................................... 15

TEX. CIV. PRAC. & REM. CODE § 38.001 .............................................................. 15

TEX. REV. CIV. STAT. ANN. art. 2226 (Vernon Supp. 1985) (repealed 1985) . 20

Rules

TEX. R. APP. 33 ...................................................................................................... 20

Other Authorities

Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38
 TEX. L. REV. 361, 366 (1960). ........................................................................ 13

W. Wendell Hall, & al., *Hall's Standards of Review in Texas,* 42 ST. MARY'S L. J. 3
 (2010) ................................................................................................................... 13

NO. 13-16-00099-CV
_____

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS
_____

FIRST CASH, LTD

VS

JQ-PARKDALE, LLC, H&JQ PD, LLC,
W-SB STAPLES/SPID LLC, R-SB STAPLES/SPID, LLC,
PARKDALE INCOME PARTNERS, LP, & CAPITOL AREA
RETAIL DEVELOPMENT, II, INC.
_____

AN APPEAL FROM THE 319th COURT
OF NUECES COUNTY, TEXAS
_____

TO THE HONORABLE COURT OF APPEALS:

JQ-Parkdale, LLC, H&JQ PD, LLC, W-SB Staples/SPID, LLC, AND

R-SB Staples/SPID, LLC, file their brief as Cross-Appellants.


REPLY ISSUE

Texas Civil Practice and Remedies Code § 38.001 does not authorize re-

covery of attorney fees from a limited liability company.

## STATEMENT OF FACTS

First Cash sued its Landlord, four limited liability companies (JQ-Parkdale, LLC, H&JQ PD, LLC, W-SB Staples/SPID LLC, and R-SB Staples/SPID LLC) jointly, for breach of a written lease and sought attorney fees under Chapter 38 of the Civil Practice and Remedies Code. C.R. 48, 52 (Fourth Amended Petition). Over objection, the trial court submitted an attorney fee question, with the caveat that it did not expect to award any attorney fees to First Cash. 20 R.R. 142, 184. The jury made a fact finding on First Cash's attorney fees, but, following the Landlord's objection, the trial court declined to award fees against those limited liability companies. 2 Supp. C.R. 4, 14-15 (Court's Charge), 813 (Defendants' Amended Motion for Judgment N.O.V.), 881 (Final Judgment).

## SUMMARY OF THE ARGUMENT

Chapter 38 of the Civil Practice and Remedies Code authorizes an award of attorney fees only against individuals and corporations. The Landlord defendants are neither individuals nor corporations; they are limited liability companies. The trial court correctly interpreted Section 38.001 and properly followed the cases dealing with the liability of non-corporate entities under that statute when it declined to award attorney fees to First Cash.

11

ARGUMENT

**Reply Issue Restated**: Texas Civil Practice and Remedies Code § 38.001 does not authorize recovery of attorney fees from a limited liability company.

**Standards of review for JNOV and statutory construction**. Appellate courts review a judgment notwithstanding the verdict under a legal sufficiency standard. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005); W. Wendell Hall, & al., *Hall's Standards of Review in Texas*, 42 ST. MARY'S L. J. 3, 195-196 (2010). Evidence is legally insufficient if the record reflects one of the following:

- there is a complete absence of evidence of a vital fact,

- the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact,

- the evidence offered to prove a vital fact is no more than a mere scintilla, or

- the evidence establishes conclusively the opposite of a vital fact.

*Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004); *City of Corpus Christi v. Taylor*, 126 S.W.3d 712, 717-18 (Tex. App.—Corpus Christi 2004, pet. dism'd); see Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 366 (1960).

Questions of statutory construction are reviewed de novo. *Tex. DOT v. Needham*, 82 S.W.3d 314 (Tex. 2002); *Reedy v. Pompa*, 310 S.W.3d 112, 117 (Tex. App.—Corpus Christi 2010), *rev'd on other grounds*, (Tex. 2011)

**Primary rule of statutory interpretation: if the law is not ambiguous, read it literally**. In construing the language of a statute, the court's primary goal is to ascertain the legislative intent behind the statute and to interpret so as to give effect to that intent. *In the Interest of M.N.*, 262 S.W.3d 799, 802 (Tex. 2008); *Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). The legislature's intent is determined primarily from the plain and common meaning of the words used. *Nathan v. Whittington*, 408 S.W.3d 870, 872 (Tex. 2013); *Reedy v. Pompa*, 310 S.W.3d at 117. The words the Legislature chooses "should be the surest guide to legislative intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

If the statutory language is unambiguous, courts will typically adopt the interpretation supported by the statute's plain meaning. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997); *Reedy v. Pompa*, 310 S.W.3d at 117.This rules apply unless enforcing the plain meaning of the statute as written would produce absurd or nonsensical results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). This exception, however, is a "high bar," "reserved for

13

truly exceptional cases, and mere oddity does not equal absurdity." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013).

**Chapter 38 means what it says: only individuals and corporations can be liable for attorney fees, not LLCs**. First Cash argues it should recover its attorney fees pursuant to Chapter 38 of the Civil Practice and Remedies Code, which allows recovery of "reasonable attorney's fees from an individual or corporation … if the claim is for … an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001; First Cash's Appellant's brief at 14, et seq. In making this argument, First Cash ignores the literal wording of the § 38.001 and Texas's general policy against fee shifting.

LLCs are not corporations. The Landlord's entities are all limited liability companies, not corporations. The word "corporation" has a definite, statuto-rily-defined meaning in Texas. *Choice! Power, L.P. v. Feeley*, 2016 WL 4151041, 2016 Tex. App. LEXIS 8409, *28 (Tex. App.—Houston [1st Dist.] 2016, no pet.). Under the Business Organizations Code, a "corporation" means an entity governed as a corporation under Title 2 or 7 and includes for-profit, nonprofit, and professional corporations. TEX. BUS. ORGS. CODE § 1.002(14). Title 2 of the Business Organizations Code deals with corporations and Title 7 deals with

14

professional entities. Limited liability companies are governed under Title 3, and partnerships are governed under Title 4. Consequently, Chapter 38 literally does not apply to First Cash's claim for attorney fees against the defendant limited liability companies.

This conclusion, based on the plain meaning of the statute, has been confirmed by the courts that have reached the issue. "Under the plain language of section 38.001, a trial court cannot order limited liability partnerships, limited liability companies, or limited partnerships to pay attorney's fees." *CBIF Ltd. P'ship v. TGI Friday's Inc.*, No. 050-15-00157-CV, 2016 Tex. App. LEXIS 12844, *69 (Tex. App.—Dallas 2016, no pet. h.). In support of this conclusion, the Dallas Court of Appeals relied on the literal statute and on these decisions:

- *Varel Int'l Indus., L.P. v. PetroDrillbits Int'l, Inc.*, 2016 WL 4535779, *7, 2016 Tex. App. LEXIS 9619, *20-21 (Tex. App.— Dallas 2016, pet. denied) (mem. op.) (acknowledging rule, but finding a fact issue as to whether defendants were corporations);[1]

- *Choice! Power, L.P. v. Feeley*, 2016 WL 4151041, 2016 Tex. App. LEXIS 8409, *30 (section 38.001 does not permit recovery against an L.P.);

---

[1] First Cash does not argue there is a fact issue about the Landlord entities being limited liability companies: "none of the Legacy Landlord entities … is a limited partnership—all of them are limited-liability companies." First Cash's Appellants' brief at 17.

15

- *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 452-53 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (section 38.001 does not permit recovery against an L.L.C.);

- *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 574 (Tex. App.—Houston [14th Dist.] , pet. denied) (section 38.001 does not permit recovery against an L.L.P.)).

The Dallas Court of Appeals might have cited additional cases to the same effect:

- *Exco Operating Co. v. McGee*, 2016 WL 4379484, *11, 2016 Tex. App. LEXIS 8934, *5 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (mem. op.) (limited partnership not liable for attorney fees);

- *Traxxas, L.P.  v. Dewitt*, 2015 WL 7777986, 2015 U.S. Dist. LEXIS 161763, * 23-24 (E.D. Tex. 2015) (magistrate mem. op.) (limited partnership not liable for attorney fees, citing *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173 (N.D. Tex. 1997));

- *Hoffman v. L&M Arts*, 2015 US. Dist. LEXIS 27784, *25 (N.D. Tex. 2015) (limited liability company not liable for attorney fees);

- *Greco v. NFL*, 2015 U.S. Dist. LEXIS 96239, *11-22 (N.D. Tex. 2015) (unincorporated association not liable for attorney fees);

- *Box v. Dallas Mexican Consulate Gen.*, 2014 WL 3952932, 2014 U.S. Dist. LEXIS 111751, *5-7 (N.D. Tex. 2014), aff'd, 623 Fed. Appx. 649, 657 (5th Cir. 2015), cert. denied, 136 S. Ct. 1729 (2016) (foreign government not liable for attorney fees);

- *Baylor Health Care Sys. v. Nat'l Elevator Indus. Health Benefit Plan*, 2008 U.S. Dist. LEXIS 4304 (N.D. Tex. 2008) (ERISA self-funded trust not liable for attorney fees);

- *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173 (N.D. Tex. 1997) (limited partnership not liable for attorney fees).

All of First Cash's arguments to ignore the wording of § 38.001 have been rejected. The arguments made by First Cash for ignoring the literal wording of Section 38.001 and distinguishing *Fleming* have all been previously considered and rejected by Texas courts of appeal.

- *"Fleming* involved a limited partnership." First Cash Appellant's brief at 17. The decisions in *Alta Mesa Holdings* and *Hoffman v. L&M Arts, supra,* rejected this distinction and applied *Fleming* to limited liability companies.

- "Corporations and limited liability companies are similar." First Cash argues that because LLCs and corporation both provide providing tax and liability benefits, they should have the same attorney fee liabilities" First Cash Appellant's brief at 17-18. The court in *Hoffman v. L&M Arts* considered the arguments that a limited liability company could be treated as an "individual"[2] or a "corporation" and rejected it. That court recognized that LLCs afford "corporation-like benefit of limited liability but with partnership tax treatment," but found LLCs are neither corporations nor partnerships. *Hoffman,*

---

[2] First Cash only argues that an LLC should be treated as a corporation, not an individual. First Cash Appellant's brief at 18.

2015 U.S. Dist. LEXIS 27784 at 22, citing *SJ Med. Ctr., LLC v. Estahbanati,* 418 S.W.3d 867, 874-75 (Tex. App.—Houston [14th Dist.] 2013, no pet). While the Business Organizations Code occasionally treats LLCs and corporations the same,

> LLCs and corporations are distinct legal entities. Otherwise, there would be no need, for example, for Texas law to provide that corporations and LLCs are to be treated the same in certain enumerated circumstances.… Provisions of law that apply to corporations would necessarily pertain to LLCs.

*Hoffman*, 2015 U.S. Dist. LEXIS 27784 at 23, citation omitted. Corporations and LLCs have some characteristics in common, but they are not identical. Their similarities provide no basis for departing from the literal wording of § 38.001. *See also Ganz,* 173 F.R.D. at 177, where the court found multiple distinctions between a limited partnership and a corporation that precluded treating a limited partnership as a "corporation" for purposes of § 38,001.

- "Attorney fees have been awarded against limited-liability entities." First Cash Appellant's brief at 19, 20 at fn 8. More accurately, attorney fees have been awarded against LLCs *where the applicability of Chapter 38 to limited-liability entities was not raised or discussed. Cf. Ganz,* 173 F.R.D. at 175 (giving "nominal weight" to similar awards—"the courts' silence suggests there was no issue raised or considered about the legality of the awarding of such fees against a

limited partnership"). None of the cases cited by First Cash required those courts to consider the argument now presented, which was ruled upon by the trial court in this case. Issues not raised in the trial court are waived. TEX. R. APP. 33.1; *Campbell v. State*, 85 S.W.3d 176, 197 (Tex 2002); *Lair v. Horn*, 2002 WL 34249735, 2002 Tex. App. LEXIS 2935, *7-8 (Tex. App.—Corpus Christi 2002, pet. denied) (mem. op.), *cert. denied*, 539 U.S. 965 (2003).

- "The revision to Article 2226 was nonsubstantive." The pre-codification version of Chapter 38 allowed an award of attorney fees for breach of contract by "a person or corporation." TEX. REV. CIV. STAT. ANN. art. 2226 (Vernon Supp. 1985)(repealed 1985). Codification is generally nonsubstantive, but that is not always the rule. Where "specific provisions of a 'nonsubstantive' codification and the code as a whole are direct, unambiguous, and cannot be reconciled with prior law, the codification rather than the prior, repealed statute must be given effect." *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999); *In the Interest of A.M.,* 101 S.W.3d 480, 489 (Tex. App.—Corpus Christi 2002), *rev'd on other grounds*, 192 S.W.3d 570 (Tex. 2006). The *Fleming Foods* analysis was cited in several of the decisions rejecting the argument now made by First Cash. *See Choice! Power, L.P.*, 2016 Tex App. LEXIS 8409 at * 26; *Alta Mesa Holdings, L.P.* 2016 Tex. App. LEXIS 3872 at *38-40; *Greco*, 2015 U.S.

Dist. LEXIS 96239 at *17; *Hoffman v. L&M Arts*, 2015 U.S. Dist. LEXIS 27784 at *27; *Fleming & Assocs., L.L.P.*, 425 S.W.3d at 575; *Baylor Health Care Sys.*, 2008 U.S. Dist. LEXIS 43044 at *13-15.

The Legislature has rejected efforts to amend § 38.001 to include non-corporation entities. The Texas Legislature has twice considered and twice rejected modifications to allow attorney fees to be awarded against other entities under Chapter 38.

The *Fleming Associates* decision was handed down in 2014. Thereafter, House Bill 230 was introduced in the Texas Legislature; this bill would have amended § 38.001(a) to allow recovery of reasonable attorney's fees, in certain cases, from an individual "or other legal entity." See Appendix 1.[3] The Bill Analysis states the bill was motivated by "a recent court decision … that a recovery of attorney's fees under certain civil practice and remedies provisions is inapplicable to partnership, and the parties are concerned that this could also be interpreted to mean that the statute is inapplicable to limited partnership and

---

[3] Exhibits 1-3 can be found through the website of the Legislative Reference Library of Texas: http://www.lrl.state.tx.us/legis/billsearch/BillDetails.cfm?legSession=84-0&billtypeDetail=HB&billNumberDetail=230&billSuffixDetail=&startRow=1&IDlist=&unClicklist=&number=100 (last accessed December 30, 2016).

20

limited liability companies as well. Appendix 2. Although the bill passed the House, it died in the Senate and never became law. Appendix 3.

In 2011, after the *Ganz* and *Greco* decisions, House Bill 274 was proposed to amend § 38.001 and allow reasonable attorney's fees to "the prevailing party with respect to a claim … from an individual, corporation, *or other legal entity*" in a breach of contract action. Appendix 4.[4] H.B. 274, 82nd Leg., Reg. Sess. (Tex. 2011) (as introduced Mar. 10, 2011). The bill analysis indicated the amendment would have broadened the scope of § 38.001 to make partnerships, limited liability companies, trusts, and other non-corporate legal entities to potential liability for attorney's fees. Appendix 5. The Bill passed the House, but without this particular change to § 38.001. Exhibit 6.  H.B. 274 eventually became law, but only after it was amended to remove the proposed changes to § 38.001. Appendix 7, 8.

Courts presume the Legislature acts with awareness of relevant case law. *Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742 748 (Tex. 2012). Should an interpretation of a statute by the courts be unacceptable to the Legislature, a simple remedy is available by the process of legislative amendment. *United States v.*

---

[4]    Emphasis added. Exhibits 4-6 can also be found through the website of the Legislative Reference Library of Texas: http://www.lrl.state.tx.us/legis/billsearch/text.cfm?legSession=82-0&billtypeDetail=HB&billNumberDetail=274&billSuffixDetail=&startRow=1&IDlist=&unClicklist=&number=100 (last accessed December 30, 2016).

21

*South Buffalo Ry.*, 333 U.S. 771, 775 (1947), cited in *Marmon  v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 186 (Tex. 1968). The Legislature acquiesced in the interpretation of § 38.001 that removes non-corporation entities from liability for attorney fees; it is not up to the courts to rule otherwise.

Intermediate appellate courts lack the authority to make exceptions to the American Rule. Texas follows the American Rule, whereby litigants may recover attorney fees only as provided by statute or contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011); *Petro. Solutions, Inc. v. Head*, 454 S.W.3d 518, 560 (Tex. App.—Corpus Christi 2011), *aff'd in part, rev'd in part on other grounds* (Tex. 2014). This settled principle has been part of the state's jurisprudence for over one hundred years. *Akin, Gump, Strauss, Hauer & Feld, L.L.P.  v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009); *Riner v. Neumann*, 353 S.W.3d 312, 322 (Tex. App.—Dallas 2011, no pet.). The Texas Supreme Court continues to adhere to the Rule. *See*, *Tony Gullo Motor I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). If an exception to the American Rule is to be created from whole cloth, that is the job of the Supreme Court, and intermediate courts are not at liberty to create equitable exceptions to the Rule. *Riner*, 353 S.W.3d at 323.

PRAYER FOR RELIEF

WHEREFORE, Appellees pray that this Court deny the relief sought by

First Cash, for costs of court, and for general relief.

Respectfully submitted

/s/ John Runde
John Runde
Tx Bar # 24093084
Eric Stewart
Tx Bar # 24058133
HUSEMAN & STEWART
615 N. Upper Broadway #2000
Corpus Christi, Tx 78401
Tel:    361.883.3563
Fax:    361.883.0210
JRunde@HusemanStewart.com
EStewart@HusemanStewart.com

## CERTIFICATE OF SERVICE

By affixing my signature below, I certify that a true copy of the foregoing document was delivered on December 30, 2016, to the following attorneys in accordance with the Texas Rules of Appellate Procedure:

Mr. Edward S. Hubbard
Mr. Patrick L. Gaas
COATS ROSE YALE RYMAN & LEE, PC
3 East Greenway Plaza, Suite 2000
Houston, TX 77046

Mr. Richard Crews
HARTLINE DACUS BARGER DEYER, LLP
800 N. Shoreline Blvd.
Suite 2000, N. Tower
Corpus Christi, TX 78401

Paul Dodson
218 Leming Ave.
Corpus Christi, Tx 78404

/s/ John Runde
John Runde

## CERTIFICATE OF COMPLIANCE

The number of words in this document, excluding those provisions described in TEX. R. APP. P. 9.4(i)(1) is 2642. This figure is provided in reliance on the word count of the computer program used to prepare this document.

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT
AT CORPUS CHRISTI/EDINBURG, TEXAS

FIRST CASH, LTD

VS

JQ-PARKDALE, LLC, H&JQ PD, LLC,
W-SB STAPLES/SPID LLC, R-SB STAPLES/SPID, LLC,
PARKDALE INCOME PARTNERS, LP, & CAPITOL AREA
RETAIL DEVELOPMENT, II, INC.

AN APPEAL FROM THE 319th COURT
OF NUECES COUNTY, TEXAS

## APPENDIX

| Tab | Document | Record reference |
|-----|----------|------------------|
| 1 | H.B. No. 230 | C.R. 835 |
| 2 | H.B. No. 230 (bill analysis) | C.R. 837 |
| 3 | H.B. No. 230 (actions taken) | C.R. 838 |
| 4 | H.B. No. 274 | C.R. 840 |
| 5. | H.B. No. 274 (bill analysis) | C.R. 853 |
| 6. | H.B. No. 274 (modified) | C.R. 856 |
| 7. | H.B. No. 274 (enacted) | C.R. 866 |
| 8. | H.B. No. 274 (actions taken) | C.R. 874 |

By: Farrar                                                    H.B. No. 230

A BILL TO BE ENTITLED

AN ACT

relating to recovery of attorney's fees in certain civil cases.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.  Section 38.001, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 38.001.  RECOVERY OF ATTORNEY'S FEES.  (a)  Except as provided by Subsection (b), a [A] person may recover reasonable attorney's fees from an individual, [or] corporation, or other legal entity, in addition to the amount of a valid claim and costs, if the claim is for:

(1)  rendered services;

(2)  performed labor;

(3)  furnished material;

(4)  freight or express overcharges;

(5)  lost or damaged freight or express;

(6)  killed or injured stock;

(7)  a sworn account; or

(8)  an oral or written contract.

(b)  Subsection (a) does not authorize the recovery of attorney's fees from the state, an agency or institution of the state, or a political subdivision of the state.  This section does not affect any other statute regarding the recovery of attorney's fees from the state, an agency or institution of the state, or a political subdivision of the state.

84R1790 CAE-F                    1

835

SECTION 2. The change in law made by this Act applies only to an award of attorney's fees in an action commenced on or after the effective date of this Act. An award of attorney's fees in an action commenced before the effective date of this Act is governed by the law applicable to the award immediately before the effective date of this Act, and that law is continued in effect for that purpose.

SECTION 3. This Act takes effect September 1, 2015.

2

**BILL ANALYSIS**

H.B. 230
By: Farrar
Judiciary & Civil Jurisprudence
Committee Report (Unamended)

## BACKGROUND AND PURPOSE

Interested parties point out that a recent court decision held that a recovery of attorney's fees under certain civil practice and remedies provisions is inapplicable to partnerships, and the parties are concerned that this could also be interpreted to mean that the statute is inapplicable to limited partnerships and limited liability companies as well. H.B. 230 seeks to clarify this matter.

## CRIMINAL JUSTICE IMPACT

It is the committee's opinion that this bill does not expressly create a criminal offense, increase the punishment for an existing criminal offense or category of offenses, or change the eligibility of a person for community supervision, parole, or mandatory supervision.

## RULEMAKING AUTHORITY

It is the committee's opinion that this bill does not expressly grant any additional rulemaking authority to a state officer, department, agency, or institution.

## ANALYSIS

H.B. 230 amends the Civil Practice and Remedies Code to include, in addition to an individual and a corporation, other legal entities among the parties to certain civil cases from which a person is authorized to recover reasonable attorney's fees. The bill establishes that this provision does not authorize the recovery of attorney's fees from the state, an agency or institution of the state, or a political subdivision of the state and that the recovery of attorney's fees in the applicable cases does not affect any other statute regarding the recovery of attorney's fees from these state entities.

## EFFECTIVE DATE

September 1, 2015.

84R 14119

15.65.307

1

**Bill:** HB 230          **Legislative Session:** 84(R)          **Council Document:** 84R 1790 CAE-F

**Last Action:**          *05/21/2015 S Left pending in committee*

**Caption Version:**     Engrossed
**Caption Text:**        Relating to recovery of attorney's fees in certain civil cases.

**Author:**              Farrar

**Sponsor:**             Ellis

**Subjects:**            Civil Remedies & Liabilities (I0065)
                         Lawyers (I0515)
                         ATTORNEY'S FEES (S0202)

**House Committee:** Judiciary & Civil Jurisprudence
**Status:**          Out of committee
**Vote:**            Ayes=9   Nays=0   Present Not Voting=0   Absent=0

**Senate Committee:** State Affairs
**Status:**           In committee

**Actions**: (descending date order)
Viewing Votes: Most Recent House Vote

| Description | Comment | Date | Time | Journal Page |
|---|---|---|---|---|
| S  Left pending in committee | | 05/21/2015 | | |
| S  Considered in public hearing | | 05/21/2015 | | |
| S  Scheduled for public hearing on . . . | | 05/21/2015 | | |
| S  Referred to State Affairs | | 05/04/2015 | | 1296 |
| S  Read first time | | 05/04/2015 | | 1296 |
| S  Received from the House | | 04/13/2015 | | 763 |
| H  Reported engrossed | | 04/10/2015 | 08:03 AM | 1530 |
| H  Nonrecord vote recorded in Journal | | 04/09/2015 | | 1449 |
| H  Record vote | RV#181 | 04/09/2015 | | 1449 |
| H  Passed | | 04/09/2015 | | 1449 |
| H  Read 3rd time | | 04/09/2015 | | 1449 |
| H  Nonrecord vote recorded in Journal | | 04/09/2015 | | 1442 |
| H  Passed to engrossment | | 04/09/2015 | | 1442 |
| H  Read 2nd time | | 04/09/2015 | | 1442 |
| H  Placed on Local, Consent, and Res. Calendar | | 04/09/2015 | | |
| H  Considered in Local & Consent Calendars | | 04/06/2015 | | |
| H  Comm. report sent to Local & Consent Calendar | | 03/23/2015 | | |
| H  Committee report distributed | | 03/19/2015 | 02:58 PM | |
| H  Comte report filed with Committee Coordinator | | 03/19/2015 | | 961 |
| H  Reported favorably w/o amendment(s) | | 03/17/2015 | | 838 |

| | | | | |
|---|---|---|---|---|
| H | Recommended to be sent to Local & Consent | 03/17/2015 | | |
| H | Considered in public hearing | 03/17/2015 | | |
| H | Left pending in committee | 03/10/2015 | | |
| H | Testimony taken/registration(s) recorded in committee | 03/10/2015 | | |
| H | Considered in public hearing | 03/10/2015 | | |
| H | Scheduled for public hearing on . . . | 03/10/2015 | | |
| H | Referred to Judiciary & Civil Jurisprudence | 02/10/2015 | 11:34 AM | 264 |
| H | Read first time | 02/10/2015 | | 264 |
| H | Filed | 11/11/2014 | | |

A BILL TO BE ENTITLED

AN ACT

relating to attorney's fees, early dismissal, expedited trials, and the reform of certain remedies and procedures in civil actions.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.  Chapter 38, Civil Practice and Remedies Code, is amended by designating Sections 38.001 through 38.006 as Subchapter A, Chapter 38, Civil Practice and Remedies Code, and adding a heading to Subchapter A to read as follows:

SUBCHAPTER A. RECOVERY OF ATTORNEY'S FEES BY PREVAILING PARTY

SECTION 2.  Sections 38.001, 38.002, and 38.006, Civil Practice and Remedies Code, are amended to read as follows:

Sec. 38.001.  RECOVERY OF ATTORNEY'S FEES.  The prevailing party with respect to a claim [A person] may recover reasonable attorney's fees from an individual, [or] corporation, or other legal entity [in addition to the amount of a valid claim and costs,] if the claim is for:

        (1)  rendered services;

        (2)  performed labor;

        (3)  furnished material;

        (4)  freight or express overcharges;

        (5)  lost or damaged freight or express;

        (6)  killed or injured stock;

        (7)  a sworn account; or

        (8)  an oral or written contract.

Sec. 38.002.  PROCEDURE FOR RECOVERY OF ATTORNEY'S FEES. Attorney's [To recover attorney's] fees may be recovered under this subchapter if [chapter]:

(1)  the person seeking to recover attorney's fees is [claimant must be] represented by an attorney;

(2)  the claimant presents [must present] the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3)  payment for the just amount owed is [must] not [have been] tendered before the expiration of the 30th day after the claim is presented.

Sec. 38.006.  EXCEPTIONS.  This subchapter [chapter] does not apply to a contract issued by an insurer that is subject to the provisions of:

(1)  Title 11, Insurance Code;

(2)  Chapter 541, Insurance Code;

(3)  the Unfair Claim Settlement Practices Act (Subchapter A, Chapter 542, Insurance Code); or

(4)  Subchapter B, Chapter 542, Insurance Code.

SECTION 3.  Chapter 38, Civil Practice and Remedies Code, is amended by adding Subchapter B to read as follows:

SUBCHAPTER B. ELECTION REGARDING LITIGATION COSTS

Sec. 38.011.  DEFINITIONS.  In this subchapter:

(1)  "Abusive civil action" means a civil action that a reasonable person would conclude is an abuse of the civil justice process.

(2)  "Claim" means a request for monetary damages filed

2

in a civil action, other than a request for reimbursement of attorney's fees or other costs of litigation in a civil action, if the request is for:

(A) damages for alleged personal injury, property damage, breach of contract, or death, regardless of the legal theories or statutes on the basis of which recovery is sought; or

(B) damages other than for alleged personal injury, property damage, or death allegedly resulting from any tortious conduct, regardless of the legal theories or statutes on the basis of which recovery is sought.

(3) "Claimant" means a party who has asserted a claim, including a plaintiff, counterclaimant, cross-claimant, third-party plaintiff, or intervenor.

(4) "Defendant" means a party against whom a claim has been made, including a defendant, counterdefendant, cross-defendant, or third-party defendant.

(5) "Financial interest" means a financial interest held by an attorney under an agreement between the attorney and a claimant or defendant in which the amount or the payment of the fee for the attorney's legal services is contingent wholly or partly on the outcome of the civil action.

Sec. 38.012. APPLICABILITY. (a) This subchapter does not apply to:

(1) a class action;

(2) a shareholder's derivative action;

(3) an action brought under the Family Code;

(4) an action to collect workers' compensation benefits under Subtitle A, Title 5, Labor Code; or

(5) an action filed in a justice of the peace court.

(b) This subchapter does not apply to a civil action in which the amount in controversy, including all requests for damages, reimbursement of attorney's fees, and litigation costs, is less than $100,000 and the claimant has made an election to proceed under Chapter 29A.

Sec. 38.013. ELECTION. (a) A defendant may elect to apply the provisions of this subchapter to any civil action in which a claimant has asserted a claim against the defendant.

(b) An election under this section must identify each claimant against whom the election is made. An election may not be made before the 60th day after the date the defendant filed an answer to the claimant's civil action or within 60 days of the date of trial. The election must be:

(1) in writing;

(2) signed by the attorneys of record of the defendant;

(3) filed with the papers as part of the record; and

(4) served on all claimants against whom the election is made.

(c) A deadline under this subchapter may be amended or modified by agreement of the parties or by order of the court in a discovery control plan as provided by Rule 190, Texas Rules of Civil Procedure.

Sec. 38.014. REVOCATION OF ELECTION. (a) An election made

under Section 38.013 may be revoked wholly or partly by agreement of the parties.

(b) A revocation under this section must identify the claimants and defendants for whom the revocation is made. A revocation may be made at any time before an award is made under Section 38.016 based on the election. The revocation must be:

(1) in writing;

(2) signed by the attorneys of record of all parties to whom the revocation applies; and

(3) filed as part of the record.

Sec. 38.015. DISMISSAL OR NONSUIT OF ACTION. If a claimant against whom an election is made under Section 38.013 nonsuits or voluntarily dismisses with prejudice the civil action for which the election is made not later than the 15th day after the date the claimant was served with the election, the election does not apply to the nonsuited or dismissed civil action.

Sec. 38.016. AWARD OF LITIGATION COSTS. (a) If an election is made under this subchapter, the prevailing party may recover the prevailing party's litigation costs.

(b) The determination of which party is the prevailing party is a question of law for the court.

(c) Litigation costs under this subchapter are costs directly related to the civil action between the claimant and the defendant. Litigation costs include:

(1) reasonable and necessary attorney's fees;

(2) reasonable and necessary travel expenses;

(3) reasonable fees for not more than two testifying

expert witnesses; and

(4) court costs.

(d) A fee agreement that results in a fee that is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered may not be considered in the determination of the amount of reasonable and necessary attorney's fees.

Sec. 38.017. LIABILITY OF ATTORNEY. (a) This section applies to a civil action if:

(1) a party is entitled to recover litigation costs under Section 38.016;

(2) the election under Section 38.013 states that the party making the election will seek litigation costs under this section; and

(3) an attorney of record for the party against whom litigation costs are recoverable has a financial interest in the civil action.

(b) If the trier of fact determines that a civil action is an abusive civil action, an attorney of record for the party against whom litigation costs are recoverable is liable to the prevailing party, jointly and severally, for the amount of the litigation costs awarded.

(c) The determination of whether an attorney has a financial interest in a civil action is a question of law for the court. An attorney is not an attorney of record for the purposes of this section if the attorney withdraws as attorney of record and relinquishes any financial interest in the civil action more than

6

60 days before trial.

(d) The determination of whether a civil action is an abusive civil action is a question of fact. In a case in which the determination of whether a civil action is an abusive civil action is submitted to a jury, the charge to the jury must ask whether the civil action prosecuted by the claimant was an abusive civil action. The following instruction must be included in the charge: "You are instructed that an abusive civil action is a civil action that a reasonable person would conclude is an abuse of the civil justice process."

Sec. 38.018. APPLICABILITY OF OTHER LAW. (a) Except as provided by Subsection (b), if an election is made under this subchapter, this subchapter controls over any other law to the extent the other law requires, authorizes, prohibits, or otherwise governs the award of attorney's fees or other costs of litigation in connection with the civil action.

(b) This subchapter does not govern the recovery of litigation costs incurred in connection with a claim asserted under:

(1) Subchapter E, Chapter 17, Business & Commerce Code; or

(2) Chapter 541, Insurance Code.

SECTION 4. Section 51.014, Civil Practice and Remedies Code, is amended by amending Subsections (d) and (e) and adding Subsections (f) and (g) to read as follows:

(d) A person may appeal from an interlocutory order of a district court, county court at law, or county court that is [may

7

issue a written order for interlocutory appeal in a civil action] not otherwise appealable [under this section] if:

(1) [the parties agree that] the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion;

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation; and

(3) the court of appeals accepts the interlocutory appeal as provided by Subsection (f) [the parties agree to the order].

(e) An appeal under Subsection (d) does not stay proceedings in the trial court unless the parties agree to a stay or [and] the trial court or appellate court[, the court of appeals, or a judge of the court of appeals] orders a stay of the proceedings pending appeal.

(f) An appellate court may, in its discretion, accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals an application for interlocutory appeal. The application must state the reasons why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures set forth in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time for filing the notice of appeal.

(g) If a party pursues an appeal under this section, the

trial court must state whether the trial court believes that an appeal is warranted under Subsection (d).

SECTION 5.  Subtitle B, Title 2, Civil Practice and Remedies Code, is amended by adding Chapters 29 and 29A to read as follows:

CHAPTER 29. EARLY DISMISSAL OF ACTIONS

Sec. 29.001.  POLICY.  It is the policy of this state that all civil actions be disposed of fairly, promptly, and with the least possible expense to the litigants and to the state.

Sec. 29.002.  ADOPTION OF RULES BY SUPREME COURT.  (a) The supreme court shall adopt rules to provide for the fair and early dismissal of non-meritorious cases.

(b)  The supreme court shall model the rules after Rules 9 and 12, Federal Rules of Civil Procedure, to the extent possible.

(c)  The supreme court shall adopt rules under this chapter not later than December 31, 2011.  This subsection expires September 1, 2012.

CHAPTER 29A.  EXPEDITED CIVIL ACTIONS

Sec. 29A.001.  DEFINITIONS. In this chapter:

(1)  "Claim" means a request, including a counterclaim, cross-claim, or third-party claim, to recover monetary damages.

(2)  "Claimant" means a party, including a plaintiff, counterclaimant, cross-claimant, third-party plaintiff, or intervenor, seeking recovery of damages and, in an action for recovery of damages for injury to another person, damage to property of another person, death of another person, or harm to another person, includes both the other person and the party seeking recovery of damages.

9

(3) "Damages" means all claims under common law or statutory and equitable causes of action for actual damages, including economic and noneconomic damages, and additional damages, including knowing damages, punitive damages, treble damages, penalties, prejudgment interest, postjudgment interest, attorney's fees, litigation costs, costs of court, and all other damages of any kind.

(4) "Defendant" means a party, including a counterdefendant, cross-defendant, or third-party defendant, from whom a claimant seeks damages.

Sec. 29A.002. APPLICABILITY. (a) This chapter applies to any party who is a claimant or defendant, including:

(1) a county;

(2) a municipality;

(3) a public school district;

(4) a public junior college district;

(5) a charitable organization;

(6) a nonprofit organization;

(7) a hospital district;

(8) a hospital authority;

(9) any other political subdivision of the state; and

(10) the State of Texas.

(b) This chapter does not apply to any civil action primarily governed by the Family Code.

(c) In an action to which this chapter applies, the provisions of this chapter prevail over all other law to the extent of any conflict.

10

(d) This chapter does not waive sovereign immunity or governmental immunity of any claimant or defendant.

Sec. 29A.003. CLAIMANT TO MAKE ELECTION. (a) This chapter applies only in a civil action in which:

(1) the total amount of damages the claimant seeks to recover for all claims is not less than $10,000 and not more than $100,000; and

(2) the claimant files and serves a written election under this chapter.

(b) An election must be made at the time the electing claimant first files a claim in the action.

(c) Notwithstanding Subsection (b), and on the agreement of all parties, a claimant may make an election not later than the 60th day after the date the last defendant has filed an answer.

(d) An election made by a claimant under this section is binding on all parties to the expedited civil action unless a defendant files a claim more than 60 days before trial and in that claim makes a good faith claim that the recovery of monetary damages might be in excess of $100,000.

Sec. 29A.004. RULES. (a) The supreme court shall adopt rules to implement this chapter. The rules shall promote the prompt, efficient, and cost-effective resolution of an expedited civil action, including the discovery between the parties.

(b) The supreme court shall adopt rules as required by this section not later than January 1, 2012. This subsection expires September 1, 2012.

Sec. 29A.005. CONFLICT OF LAWS. In the event of a conflict

11

between this chapter and Chapter 74, Chapter 74 prevails.

SECTION 6. Section 22.225(d), Government Code, is amended to read as follows:

(d) A petition for review is allowed to the supreme court for an appeal from an interlocutory order described by Section 51.014(a)(3), (6), or (11) or (d), Civil Practice and Remedies Code.

SECTION 7. Subchapter C, Chapter 311, Government Code, is amended by adding Section 311.035 to read as follows:

Sec. 311.035. NO IMPLIED CAUSE OF ACTION. A statute may not be construed to create a cause of action unless a cause of action is created by clear and unambiguous language in the statute.

SECTION 8. Subchapter B, Chapter 312, Government Code, is amended by adding Section 312.017 to read as follows:

Sec. 312.017. NO IMPLIED CAUSE OF ACTION. A statute may not be construed to create a cause of action unless a cause of action is created by clear and unambiguous language in the statute.

SECTION 9. This Act applies only to a civil action filed on or after the effective date of this Act. An action filed before the effective date of this Act, including an action filed before that date on which a party is joined or designated after that date, is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

SECTION 10. If any provision of this Act or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this Act that can be given effect without the invalid provision or application, and to

this end the provisions of this Act are severable.

SECTION 11.  This Act takes effect September 1, 2011.

C.S.H.B. 274
By: Creighton
Judiciary & Civil Jurisprudence
Committee Report (Substituted)

## BACKGROUND AND PURPOSE

Interested parties contend that the civil justice system needs to be more efficient, less expensive, and more accessible. C.S.H.B. 274 proposes certain reforms to make the civil justice system more efficient, less costly, and more accessible by reforming certain procedures in these cases and making available certain new procedures.

## RULEMAKING AUTHORITY

It is the committee's opinion that rulemaking authority is expressly granted to the Supreme Court of Texas in SECTIONS 1.01 and 2.01 of this bill.

## ANALYSIS

### Early Dismissal of Actions

C.S.H.B. 274 amends the Government Code to require the supreme court to adopt rules to provide for the dismissal of certain causes of action that the supreme court determines should be disposed of as a matter of law on motion and without evidence.

C.S.H.B. 274 amends the Civil Practice and Remedies Code to authorize a court, in a civil proceeding, on a trial court's granting or denial, in whole or in part, of a motion to dismiss filed under the rules adopted by the supreme court Section 22.004(g), Government Code, to award costs and reasonable and necessary attorney's fees to the prevailing party that the court determines are equitable and just.

### Expedited Civil Actions

C.S.H.B. 274 amends the Government Code to require the supreme court to adopt rules to promote the prompt, efficient, and cost-effective resolution of civil actions in which the amount in controversy, inclusive of all claims for damages of any kind, whether actual or exemplary, a penalty, attorney's fees, expenses, costs, interest, or any other type of damage of any kind, is more than $10,000 but does not exceed $100,000. The bill requires the rules to address the need for lowering discovery costs in these actions and the procedure for ensuring that these actions will be expedited in the civil justice system. The bill prohibits the supreme court from adopting rules that conflict with the Family Code, the Property Code, the Tax Code or Chapter 74 of the Civil Practice and Remedies Code.

### No Implied Cause of Action

C.S.H.B. 274 amends the Government Code to prohibit a statute from being construed to create a cause of action unless the statute by clear and unambiguous language creates a cause of action.

### Appeal of Controlling Question of Law

C.S.H.B. 274 amends the Civil Practice and Remedies Code to authorize a trial court in a civil action, on a party's motion or on its own initiative and by written order, to permit an appeal from an order

C.S.H.B. 274 82(R)                                                                                     1

that is not otherwise appealable if the order involves a controlling question of law as to which there is a substantial ground for disagreement, and an immediate appeal may materially advance the termination of the litigation. The bill removes the requirement that the parties agree for such an order to be subject to immediate appeal. The bill specifies that an appeal does not stay proceedings in the trial court unless either the parties agree to a stay or the trial or appellate court orders a stay of the proceedings pending appeal. The bill removes language authorizing a judge of the court of appeals to order a stay.

C.S.H.B. 274 authorizes an appellate court to accept such an appeal if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why such an appeal is warranted. The bill specifies that if the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The bill starts the time applicable to filing the notice of appeal on the date the court of appeals enters the order accepting the appeal.

C.S.H.B. 274 amends the Civil Practice and Remedies Code to require the appealing party to pay costs and attorney's fees if the order appealed from is affirmed, amends the Government Code to allow a petition for review to the supreme court for an appeal of the order, and specifies that the bill's provisions relating to the appeal of controlling questions of law are effective September 1, 2011.

### Recovery of Attorney's Fees

C.S.H.B. 274 amends the Civil Practice and Remedies Code to establish that the prevailing party, rather than only the claimant, may recover reasonable attorney's fees from an individual, corporation, or other legal entity if a claim is for breach of an oral or written contract. The bill makes conforming changes and specifies that the bill's provisions relating to the recovery of attorney's fees are effective September 1, 2011.

### Allocation of Litigation Costs

C.S.H.B. 274 amends the Civil Practice and Remedies Code to redefine "litigation costs" to include reasonable deposition costs and to redefine "settlement offer." The bill specifies that provisions of law relating to offers of settlement do not apply to an action filed in a small claims court. The bill specifies that an offer to settle or compromise a claim that does not comply with provisions of law relating to making a settlement offer does not entitle any party, rather than only the offering party, to recover litigation costs.

C.S.H.B. 274 authorizes a defendant filing a declaration under provisions of law relating to making a settlement offer and any party with a claim against that defendant to make a settlement offer to settle all claims in the action between the parties. The bill specifies that the parties are not required to file a settlement offer with the court. The bill specifies that the litigation costs that may be recovered by the offering party are limited to those litigation costs incurred by the offering party after the date the rejecting party rejected the earliest settlement offer that entitles the party to an award of litigation costs. The bill repeals provisions of law relating to a limitation on recovery of litigation costs and to the awarding of litigation costs as an offset.

C.S.H.B. 274 makes conforming and nonsubstantive changes and specifies that the bill's provisions relating to the allocation of litigation costs are effective September 1, 2011.

C.S.H.B. 274 repeals Sections 42.004(d) and (g), Civil Practice and Remedies Code, effective September 1, 2011.

### EFFECTIVE DATE

Except as otherwise provided, on passage, or, if the bill does not receive the necessary vote, September 1, 2011.

### COMPARISON OF ORIGINAL TO SUBSTITUTE

C.S.H.B. 274 omits a provision included in the original establishing state policy regarding the early dismissal of civil actions. The substitute differs from the original by requiring the supreme court to adopt rules to provide for the dismissal of certain causes of action that the supreme court determines

C.S.H.B. 274 82(R)                                                                 2

should be disposed of as a matter of law on motion and without evidence, whereas the original requires the rules to provide for the fair and early dismissal of non-meritorious cases. The substitute omits provisions included in the original requiring the supreme court to model the rules after specified Federal Rules of Civil Procedure. The substitute omits a provision included in the original relating to a deadline for adopting those rules and setting an expiration date for that provision.

C.S.H.B. 274 contains a provision not included in the original setting out provisions for the award of attorney's fees in relation to certain motions to dismiss.

C.S.H.B. 274 omits provisions included in the original relating to expedited civil actions, including definitions, applicability, and the claimant's option to elect an expedited civil action. The substitute differs from the original by requiring the supreme court to adopt rules to promote the prompt, efficient, and cost-effective resolution of certain civil actions that address the need for lowering discovery costs in those actions and the procedure for ensuring that those actions are expedited, whereas the original requires the adopted rules to implement provisions of the bill that promote the prompt, efficient, and cost-effective resolution of an expedited civil action, including the discovery between parties. The substitute omits a provision included in the original relating to a deadline for adopting those rules and setting an expiration date for that provision. The substitute differs from the original by prohibiting the supreme court from adopting rules that conflict with the Family Code, the Property Code, the Tax Code, or certain provisions of the Civil Practice and Remedies Code, whereas the original establishes that certain provisions of the Civil Practice and Remedies Code prevail over the rules in the event of a conflict.

C.S.H.B. 274 retains a provision included in the original that prohibits a statute from being construed to create a cause of action absent clear and unambiguous language and omits a provision included in the original that duplicates this provision in another general statutory provision.

C.S.H.B. 274 differs from the original by authorizing a trial court in a civil action, on a party's motion or on its own initiative and by written order, to permit an appeal from an order that is not otherwise appealable, whereas the original authorizes a person to seek an appeal from an interlocutory order of certain courts with the appellate court without first obtaining an order from the trial court allowing the appeal. The substitute contains provisions not included in the original clarifying that an appeal from an order that is not otherwise appealable is filed with the court of appeals having appellate jurisdiction over the action and requiring the appealing party to pay costs and attorney's fees if the order is affirmed. The substitute omits a provision included in the original requiring a trial court to state whether the trial court believes an appeal is warranted.

C.S.H.B. 274 omits a provision included in the original that authorizes a prevailing party with respect to a claim, rather than a person, to recover attorney's fees from an individual, corporation, or other legal entity, rather than from an individual or corporation in addition to the amount of a valid claim and costs, if the claim is for certain specified items.

C.S.H.B. 274 contains provisions not included in the original amending provisions of the Civil Practice and Remedies Code relating to the definitions of terms in general provisions relating to settlement. The substitute omits provisions included in the original relating to a defendant's election to apply provisions relating to allocation of litigation costs to a civil action in which a claimant has asserted a claim against the defendant, including provisions relating to definitions, applicability of these provisions, the election, a revocation of an election, dismissal or nonsuit of action, award of litigation costs, liability of attorney, and the applicability of other law.

C.S.H.B. 274 contains provisions not included in the original repealing Sections 42.004(d) and (g), Civil Practice and Remedies Code. The substitute omits a severability provision included in the original. The substitute contains a provision not included in the original making its provisions effective on passage if it receives the necessary vote. The substitute differs from the original in nonsubstantive ways reflective of certain bill drafting conventions.

A BILL TO BE ENTITLED

AN ACT

relating to the reform of certain remedies and procedures in civil

actions and family law matters.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

ARTICLE 1.  EARLY DISMISSAL OF ACTIONS

SECTION 1.01.  Section 22.004, Government Code, is amended

by adding Subsection (g) to read as follows:

(g)  The supreme court shall adopt rules to provide for the

dismissal of certain causes of action and defenses that the supreme

court determines should be disposed of as a matter of law on motion

and without evidence.  Rules adopted under this subsection do not

apply to an action under the Family Code.

SECTION 1.02.  Chapter 30, Civil Practice and Remedies Code,

is amended by adding Section 30.021 to read as follows:

Sec. 30.021.  AWARD  OF  ATTORNEY'S  FEES  IN  RELATION  TO

CERTAIN MOTIONS TO DISMISS.  In a civil proceeding, on a trial

court's granting or denial, in whole or in part, of a motion to

dismiss filed under the rules adopted by the supreme court under

Section 22.004(g), Government Code, the court may award costs and

reasonable and necessary attorney's fees to the prevailing party

that the court determines are equitable and just. This section does

not apply to an action under the Family Code.

ARTICLE 2.  EXPEDITED CIVIL ACTIONS

SECTION 2.01.  Section 22.004, Government Code, is amended

by adding Subsection (h) to read as follows:

(h) The supreme court shall adopt rules to promote the prompt, efficient, and cost-effective resolution of civil actions. The rules shall apply to civil actions in district courts, county courts at law, and statutory probate courts in which the amount in controversy, inclusive of all claims for damages of any kind, whether actual or exemplary, a penalty, attorney's fees, expenses, costs, interest, or any other type of damage of any kind, does not exceed $100,000. The rules shall address the need for lowering discovery costs in these actions and the procedure for ensuring that these actions will be expedited in the civil justice system. The supreme court may not adopt rules under this subsection that conflict with a provision of:

(1) Chapter 74, Civil Practice and Remedies Code;

(2) the Family Code;

(3) the Property Code; or

(4) the Tax Code.

ARTICLE 3. NO IMPLIED CAUSE OF ACTION

SECTION 3.01. Subchapter C, Chapter 311, Government Code, is amended by adding Section 311.035 to read as follows:

Sec. 311.035. NO IMPLIED CAUSE OF ACTION. A statute may not be construed to create a cause of action unless the statute by clear and unambiguous language creates a cause of action. This section does not apply to an action under the Family Code.

ARTICLE 4. APPEAL OF CONTROLLING QUESTION OF LAW

SECTION 4.01. Section 51.014, Civil Practice and Remedies Code, is amended by amending Subsections (d) and (e) and adding

2

Subsection (f) to read as follows:

(d) On a party's motion or on its own initiative, a trial court in a civil action [A district court, county court at law, or county court] may, by [issue a] written order, permit an appeal from an order that is [for interlocutory appeal in a civil action] not otherwise appealable [under this section] if:

(1) [the parties agree that] the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation[, and

[(3) the parties agree to the order].

(e) An appeal under Subsection (d) does not stay proceedings in the trial court unless:

(1) the parties agree to a stay; or

(2) [and] the trial or appellate court[, the court of appeals, or a judge of the court of appeals] orders a stay of the proceedings pending appeal.

(f) An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting

the appeal starts the time applicable to filing the notice of appeal.

SECTION 4.02. Section 22.225(d), Government Code, is amended to read as follows:

(d) A petition for review is allowed to the supreme court for an appeal from an interlocutory order described by Section 51.014(a)(3), (6), or (11), or (d), Civil Practice and Remedies Code.

ARTICLE 5. RECOVERY OF ATTORNEY'S FEES

SECTION 5.01. Section 38.001, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 38.001. RECOVERY OF ATTORNEY'S FEES. A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

(1) rendered services;

(2) performed labor;

(3) furnished material;

(4) freight or express overcharges;

(5) lost or damaged freight or express;

(6) killed or injured stock;

(7) a sworn account; or

(8) an appeal to the court under Section 11.43, Tax Code, or an appeal to the court of a determination of an appraisal review board on a motion filed under Section 11.45, Tax Code [an oral or written contract].

SECTION 5.02. Chapter 38, Civil Practice and Remedies Code,

is amended by adding Section 38.0015 to read as follows:

Sec. 38.0015. ORAL AND WRITTEN CONTRACTS. Unless otherwise provided in a written contract, the prevailing party may recover reasonable attorney's fees from an individual, corporation, or other legal entity if the claim is for breach of an oral or written contract.

SECTION 5.03. Section 38.002, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 38.002. PROCEDURE FOR RECOVERY OF ATTORNEY'S FEES. To recover attorney's fees under this chapter:

(1) the person seeking to recover attorney's fees [claimant] must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed, if any, must not have been tendered before the expiration of the 30th day after the claim is presented.

ARTICLE 6. ALLOCATION OF LITIGATION COSTS

SECTION 6.01. Sections 42.001(5) and (6), Civil Practice and Remedies Code, are amended to read as follows:

(5) "Litigation costs" means money actually spent and obligations actually incurred that are directly related to the action [case] in which a settlement offer is made. The term includes:

(A) court costs;

(B) reasonable deposition costs;

5

(C) reasonable fees for not more than two testifying expert witnesses; and

(D) [(C)] reasonable attorney's fees.

(6) "Settlement offer" means an offer to settle or compromise a claim made in compliance with Section 42.003 [this chapter].

SECTION 6.02. Sections 42.002(b), (d), and (e), Civil Practice and Remedies Code, are amended to read as follows:

(b) This chapter does not apply to:

(1) a class action;

(2) a shareholder's derivative action;

(3) an action by or against a governmental unit;

(4) an action brought under the Family Code;

(5) an action to collect workers' compensation benefits under Subtitle A, Title 5, Labor Code; or

(6) an action filed in a justice of the peace court or a small claims court.

(d) This chapter does not limit or affect the ability of any person to:

(1) make an offer to settle or compromise a claim that does not comply with Section 42.003 [this chapter]; or

(2) offer to settle or compromise a claim in an action to which this chapter does not apply.

(e) An offer to settle or compromise that does not comply with Section 42.003 [is not made under this chapter] or an offer to settle or compromise made in an action to which this chapter does not apply does not entitle any [the offering] party to recover

litigation costs under this chapter.

SECTION 6.03. Section 42.003, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 42.003. MAKING SETTLEMENT OFFER. (a) After a defendant files a declaration under Section 42.002(c), the defendant filing the declaration and any party with a claim against that defendant may make a settlement offer to settle all claims in the action between the parties.

(b) A settlement offer must:

(1) be in writing;

(2) state that it is made under this chapter;

(3) state the terms by which the claims may be settled;

(4) state a deadline by which the settlement offer must be accepted; and

(5) be served on all parties to whom the settlement offer is made.

(c) The parties are not required to file a settlement offer with the court.

SECTION 6.04. Section 42.004(c), Civil Practice and Remedies Code, is amended to read as follows:

(c) The litigation costs that may be recovered by the offering party under this section are limited to those litigation costs incurred by the offering party after the date the rejecting party rejected the earliest settlement offer that entitles the party to an award of litigation costs under this section.

SECTION 6.05. Sections 42.004(d) and (g), Civil Practice and Remedies Code, are repealed.

7

ARTICLE 7.  DESIGNATION OF RESPONSIBLE THIRD PARTIES

SECTION 7.01.  Section 33.004(e), Civil Practice and Remedies Code, is repealed.

ARTICLE 8.  FAMILY LAW MATTERS

SECTION 8.01.  Title 6, Civil Practice and Remedies Code, is amended by adding Chapter 148 to read as follows:

CHAPTER 148.  APPLICATION OF FOREIGN LAWS; SELECTION OF FOREIGN FORUM

Sec. 148.001.  DEFINITION.  In this chapter, "foreign law" means a law, rule, or legal code of a jurisdiction outside of the states and territories of the United States.

Sec. 148.002.  DECISION BASED ON FOREIGN LAW.  A ruling or decision of a court, arbitrator, or administrative adjudicator on a matter arising under the Family Code may not be based on a foreign law if the application of that law would violate a right guaranteed by the United States Constitution or the constitution or a statute of this state.

Sec. 148.003.  CHOICE OF FOREIGN LAW OR FORUM IN CONTRACT. (a)  A contract provision providing that a foreign law is to govern a dispute arising under the Family Code is void to the extent that the application of the foreign law to the dispute would violate a right guaranteed by the United States Constitution or the constitution of this state.

(b)  A contract provision providing that the forum to resolve a dispute arising under the Family Code is located outside the states and territories of the United States is void if the foreign law that would be applied to the dispute in that forum would, as

8

applied, violate a right guaranteed by the United States Constitution or the constitution of this state.

SECTION 8.02. (a) Section 148.002, Civil Practice and Remedies Code, as added by this Act, applies only to a ruling or decision that becomes final on or after the effective date of this Act. A ruling or decision that becomes final before the effective date of this Act and any appeal of that ruling or decision are governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.

(b) Section 148.003, Civil Practice and Remedies Code, as added by this Act, applies only to a contract entered into on or after the effective date of this Act. A contract entered into before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.

SECTION 8.03. This Act takes effect September 1, 2011.

ARTICLE 9. CONTESTED TAX APPRAISAL COSTS

SECTION 9.01. In an action contesting a tax appraisal a taxpayer who prevails is entitled to an award of costs and attorney's fees. If the appraisal district or taxing authority prevails the appraisal district or taxing authority is not entitled to costs and attorney's fees.

ARTICLE 10. EFFECTIVE DATE

SECTION 10.01. The changes in law made by this Act apply only to a civil action commenced on or after the effective date of the change in law as provided by this article. A civil action commenced before the effective date of the change in law as provided

9

by this article is governed by the law in effect immediately before the effective date of the change in law, and that law is continued in effect for that purpose.

SECTION 10.02. (a) Except as provided by Subsection (b) of this section:

(1) this Act takes effect immediately if it receives a vote of two-thirds of all the members elected to each house, as provided by Section 39, Article III, Texas Constitution; and

(2) if this Act does not receive the vote necessary for immediate effect, this Act takes effect September 1, 2011.

(b) Articles 4, 5, 6, and 7 of this Act take effect September 1, 2011.

10

AN ACT

relating to the reform of certain remedies and procedures in civil actions and family law matters.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

ARTICLE 1. EARLY DISMISSAL OF ACTIONS

SECTION 1.01. Section 22.004, Government Code, is amended by adding Subsection (g) to read as follows:

(g) The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss. The rules shall not apply to actions under the Family Code.

SECTION 1.02. Chapter 30, Civil Practice and Remedies Code, is amended by adding Section 30.021 to read as follows:

Sec. 30.021. AWARD OF ATTORNEY'S FEES IN RELATION TO CERTAIN MOTIONS TO DISMISS. In a civil proceeding, on a trial court's granting or denial, in whole or in part, of a motion to dismiss filed under the rules adopted by the supreme court under Section 22.004(g), Government Code, the court shall award costs and reasonable and necessary attorney's fees to the prevailing party. This section does not apply to actions by or against the state, other governmental entities, or public officials acting in their official capacity or under color of law.

1

ARTICLE 2.  EXPEDITED CIVIL ACTIONS

SECTION 2.01.  Section 22.004, Government Code, is amended by adding Subsection (h) to read as follows:

(h)  The supreme court shall adopt rules to promote the prompt, efficient, and cost-effective resolution of civil actions. The rules shall apply to civil actions in district courts, county courts at law, and statutory probate courts in which the amount in controversy, inclusive of all claims for damages of any kind, whether actual or exemplary, a penalty, attorney's fees, expenses, costs, interest, or any other type of damage of any kind, does not exceed $100,000.  The rules shall address the need for lowering discovery costs in these actions and the procedure for ensuring that these actions will be expedited in the civil justice system. The supreme court may not adopt rules under this subsection that conflict with a provision of:

(1)  Chapter 74, Civil Practice and Remedies Code;

(2)  the Family Code;

(3)  the Property Code; or

(4)  the Tax Code.

ARTICLE 3.  APPEAL OF CONTROLLING QUESTION OF LAW

SECTION 3.01.  Section 51.014, Civil Practice and Remedies Code, is amended by amending Subsections (d) and (e) and adding Subsections (d-1) and (f) to read as follows:

(d)  On a party's motion or on its own initiative, a trial court in a civil action [A district court, county court at law, or county court] may, by [issue a] written order, permit an appeal from an order that is  [for interlocutory appeal in a civil action] not

2

otherwise appealable [under this section] if:

(1) [the parties agree that] the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation[; and

[(3) the parties agree to the order].

(d-1) Subsection (d) does not apply to an action brought under the Family Code.

(e) An appeal under Subsection (d) does not stay proceedings in the trial court unless:

(1) the parties agree to a stay; or

(2) [and] the trial or appellate court[, the court of appeals, or a judge of the court of appeals] orders a stay of the proceedings pending appeal.

(f) An appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d). If the court of appeals accepts the appeal, the appeal is governed by the procedures in the Texas Rules of Appellate Procedure for pursuing an accelerated appeal. The date the court of appeals enters the order accepting the appeal starts the time applicable to filing the notice of appeal.

SECTION 3.02. Section 22.225(d), Government Code, is

amended to read as follows:

(d) A petition for review is allowed to the supreme court for an appeal from an interlocutory order described by Section 51.014(a)(3), (6), or (11), or (d), Civil Practice and Remedies Code.

ARTICLE 4. ALLOCATION OF LITIGATION COSTS

SECTION 4.01. Sections 42.001(5) and (6), Civil Practice and Remedies Code, are amended to read as follows:

(5) "Litigation costs" means money actually spent and obligations actually incurred that are directly related to the action [case] in which a settlement offer is made. The term includes:

(A) court costs;

(B) reasonable deposition costs;

(C) reasonable fees for not more than two testifying expert witnesses; and

(D) [(C)] reasonable attorney's fees.

(6) "Settlement offer" means an offer to settle or compromise a claim made in compliance with Section 42.003 [this chapter].

SECTION 4.02. Sections 42.002(b), (d), and (e), Civil Practice and Remedies Code, are amended to read as follows:

(b) This chapter does not apply to:

(1) a class action;

(2) a shareholder's derivative action;

(3) an action by or against a governmental unit;

(4) an action brought under the Family Code;

4

(5) an action to collect workers' compensation benefits under Subtitle A, Title 5, Labor Code; or

(6) an action filed in a justice of the peace court or a small claims court.

(d) This chapter does not limit or affect the ability of any person to:

(1) make an offer to settle or compromise a claim that does not comply with Section 42.003 [this chapter]; or

(2) offer to settle or compromise a claim in an action to which this chapter does not apply.

(e) An offer to settle or compromise that does not comply with Section 42.003 [is not made under this chapter] or an offer to settle or compromise made in an action to which this chapter does not apply does not entitle any [the offering] party to recover litigation costs under this chapter.

SECTION 4.03. Section 42.003, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 42.003. MAKING SETTLEMENT OFFER. (a) A settlement offer must:

(1) be in writing;

(2) state that it is made under this chapter;

(3) state the terms by which the claims may be settled;

(4) state a deadline by which the settlement offer must be accepted; and

(5) be served on all parties to whom the settlement offer is made.

(b) The parties are not required to file a settlement offer

5

with the court.

SECTION 4.04. Section 42.004(d), Civil Practice and Remedies Code, is amended to read as follows:

(d) The litigation costs that may be awarded under this chapter to any party may not be greater than the total amount that the claimant recovers or would recover before adding an award of litigation costs under this chapter in favor of the claimant or subtracting as an offset an award of litigation costs under this chapter in favor of the defendant [an amount computed by:

[(1) determining the sum of:

[(A) 50 percent of the economic damages to be awarded to the claimant in the judgment;

[(B) 100 percent of the noneconomic damages to be awarded to the claimant in the judgment; and

[(C) 100 percent of the exemplary or additional damages to be awarded to the claimant in the judgment; and

[(2) subtracting from the amount determined under Subdivision (1) the amount of any statutory or contractual liens in connection with the occurrences or incidents giving rise to the claim].

ARTICLE 5. DESIGNATION OF RESPONSIBLE THIRD PARTIES

SECTION 5.01. Section 33.004, Civil Practice and Remedies Code, is amended by adding Subsection (d) to read as follows:

(d) A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has

failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

SECTION 5.02.  Section 33.004(e), Civil Practice and Remedies Code, is repealed.

ARTICLE 6. EFFECTIVE DATE

SECTION 6.01.  The changes in law made by this Act apply only to a civil action commenced on or after the effective date of the change in law as provided by this article. A civil action commenced before the effective date of the change in law as provided by this article is governed by the law in effect immediately before the effective date of the change in law, and that law is continued in effect for that purpose.

SECTION 6.02.  This Act takes effect September 1, 2011.

H.B. No. 274

_____          _____
        President of the Senate                    Speaker of the House

    I certify that H.B. No. 274 was passed by the House on May 9, 2011, by the following vote: Yeas 96, Nays 49, 3 present, not voting; and that the House concurred in Senate amendments to H.B. No. 274 on May 25, 2011, by the following vote: Yeas 130, Nays 13, 2 present, not voting.

                                         _____
                                               Chief Clerk of the House

    I certify that H.B. No. 274 was passed by the Senate, with amendments, on May 24, 2011, by the following vote: Yeas 31, Nays 0.

                                         _____
                                               Secretary of the Senate

APPROVED: _____
               Date


_____
        Governor

8

873

**Bill:** HB 274　　　　　**Legislative Session:** 82(R)　　　　　**Council Document:** 82R 13370 CAE-F

**Last Action:** _05/30/2011 E Effective on 9/1/11_

**Caption Version:** Enrolled

**Caption Text:** Relating to the reform of certain remedies and procedures in civil actions and family law matters.

**Author:** Creighton | Aliseda | Kleinschmidt | Jackson, Jim | Sheets

**Coauthor:** Anderson, Charles "Doc" | Anderson, Rodney | Aycock | Beck | Berman | Bohac | Bonnen | Branch | Brown | Burkett | Button | Cain | Callegari | Carter | Chisum | Christian | Cook | Crownover | Darby | Davis, John | Davis, Sarah | Driver | Eissler | Elkins | Fletcher | Flynn | Frullo | Garza | Gonzales, Larry | Gooden | Hamilton | Hancock | Hardcastle | Harless | Harper-Brown | Hilderbran | Hopson | Howard, Charlie | Huberty | Isaac | Keffer | King, Phil | King, Susan | Kolkhorst | Kuempel | Landtroop | Larson | Laubenberg | Lavender | Legler | Lyne | Madden | Margo | Miller, Doug | Miller, Sid | Morrison | Murphy | Nash | Orr | Otto | Parker | Patrick, Diane | Paxton | Pena | Perry | Pitts | Price | Schwertner | Scott | Shelton | Simpson | Smith, Todd | Smith, Wayne | Taylor, Larry | Taylor, Van | Torres | Truitt | Weber | White | Woolley | Workman | Zedler | Zerwas

**Sponsor:** Huffman

**Subjects:** Civil Remedies & Liabilities (I0065)
Courts--Civil Procedure (I0135)
Tort Reform (I0816)
ATTORNEY'S FEES (S0202)
SUPREME COURT (V0311)

**House Committee:** Judiciary & Civil Jurisprudence　　　　Bill Subcommittee: Torts
**Status:** Out of committee　　　　Madden (Chair) | Davis, Sarah | Lewis
**Vote:** Ayes=7　Nays=1　Present Not Voting=0　Absent=3

**Senate Committee:** State Affairs
**Status:** Out of committee
**Vote:** Ayes=9　Nays=0　Present Not Voting=0　Absent=0

**Actions**: (descending date order)
Viewing Votes: Most Recent House Vote | Most Recent Senate Vote

| Description | Comment | Date ▼ | Time | Journal Page |
|---|---|---|---|---|
| E Effective on 9/1/11 | | 05/30/2011 | | |
| E Signed by the Governor | | 05/30/2011 | | 6917 |
| E Sent to the Governor | | 05/27/2011 | | 6459 |
| S Signed in the Senate | | 05/27/2011 | | 4373 |
| H Signed in the House | | 05/27/2011 | | 6275 |
| H Reported enrolled | | 05/27/2011 | 07:45 AM | 6459 |

| | | | | |
|---|---|---|---|---|
| S | House concurs in Senate amendment(s)-reported | | 05/25/2011 | 3715 |
| H | Text of Senate Amendment(s) | | 05/25/2011 | 5704 |
| H | Statement(s) of vote recorded in Journal | | 05/25/2011 | 5704 |
| H | Record vote | RV#1504 | 05/25/2011 | 5704 |
| H | House concurs in Senate amendment(s) | | 05/25/2011 | 5704 |
| H | Senate Amendments Analysis distributed | | 05/24/2011 06:44 PM | |
| H | Senate Amendments distributed | | 05/24/2011 06:43 PM | |
| H | Senate passage as amended reported | | 05/24/2011 | 5390 |
| S | Record vote | | 05/24/2011 | 3373 |
| S | Passed | | 05/24/2011 | 3373 |
| S | Read 3rd time | | 05/24/2011 | 3373 |
| S | Record vote | | 05/24/2011 | 3373 |
| S | Three day rule suspended | | 05/24/2011 | 3373 |
| S | Vote recorded in Journal | | 05/24/2011 | 3373 |
| S | Read 2nd time & passed to 3rd reading | | 05/24/2011 | 3373 |
| S | Record vote | | 05/24/2011 | 3373 |
| S | Rules suspended-Regular order of business | | 05/24/2011 | 3373 |
| S | Placed on intent calendar | | 05/24/2011 | |
| S | Committee report printed and distributed | | 05/23/2011 11:14 AM | |
| S | Reported favorably as substituted | | 05/23/2011 | 3319 |
| S | Testimony taken in committee | | 05/21/2011 | |
| S | Considered in public hearing | | 05/21/2011 | |
| S | Left pending in committee | | 05/16/2011 | |
| S | Testimony taken in committee | | 05/16/2011 | |
| S | Considered in public hearing | | 05/16/2011 | |
| S | Scheduled for public hearing on . . . | | 05/16/2011 | |
| S | Referred to State Affairs | | 05/10/2011 | 2188 |
| S | Read first time | | 05/10/2011 | 2188 |
| S | Received from the House | | 05/10/2011 | 2156 |
| H | Reported engrossed | | 05/10/2011 07:50 AM | 3652 |
| H | Reason for vote recorded in Journal | | 05/09/2011 | 3221 |
| H | Statement(s) of vote recorded in Journal | | 05/09/2011 | 3221 |
| H | Record vote | RV#857 | 05/09/2011 | 3220 |
| H | Passed as amended | | 05/09/2011 | 3220 |
| H | Record vote | RV#856 | 05/09/2011 | 3220 |
| H | Amendment tabled | 11-Dutton | 05/09/2011 | 3220 |
| H | Record vote | RV#855 | 05/09/2011 | 3219 |
| H | Amendment tabled | 10-Dutton | 05/09/2011 | 3219 |
| H | Record vote | RV#854 | 05/09/2011 | 3218 |
| H | Amendment tabled | 9-Dutton | 05/09/2011 | 3218 |
| H | Amended | 4-Lucio | 05/09/2011 | 3218 |
| H | Vote reconsidered | | 05/09/2011 | 3218 |
| H | Statement(s) of vote recorded in Journal | | 05/09/2011 | 3217 |
| H | Record vote | RV#853 | 05/09/2011 | 3217 |
| H | Amendment adopted as amended | 7-Gutierrez | 05/09/2011 | 3217 |
| H | Record vote | RV#852 | 05/09/2011 875 | 3216 |

| H | Motion to table fails | 7-Gutierrez | 05/09/2011 | | 3216 |
|---|---|---|---|---|---|
| H | Amendment amended | 8-Gutierrez | 05/09/2011 | | 3216 |
| H | Amendment(s) offered | 7-Gutierrez | 05/09/2011 | | 3216 |
| H | Statement(s) of vote recorded in Journal | | 05/09/2011 | | 3215 |
| H | Record vote | RV#851 | 05/09/2011 | | 3215 |
| H | Amended | 6-Hilderbran | 05/09/2011 | | 3214 |
| H | Statement(s) of vote recorded in Journal | | 05/09/2011 | | 3214 |
| H | Record vote | RV#850 | 05/09/2011 | | 3213 |
| H | Amended | 5-Lewis | 05/09/2011 | | 3213 |
| H | Statement(s) of vote recorded in Journal | | 05/09/2011 | | 3213 |
| H | Record vote | RV#849 | 05/09/2011 | | 3212 |
| H | Amendment tabled | 4-Lucio | 05/09/2011 | | 3212 |
| H | Amendment withdrawn | 3-Eiland | 05/09/2011 | | 3212 |
| H | Amendment adopted as amended | 1-Creighton | 05/09/2011 | | 3211 |
| H | Statement of Leg. Intent Recorded in Journal | | 05/09/2011 | | 3209 |
| H | Amendment amended | 2-Creighton | 05/09/2011 | | 3209 |
| H | Amendment(s) offered | 1-Creighton | 05/09/2011 | | 3209 |
| H | Statement of Leg. Intent Recorded in Journal | | 05/09/2011 | | 3206 |
| H | Read 3rd time | | 05/09/2011 | | 3206 |
| H | Statement(s) of vote recorded in Journal | | 05/07/2011 | | 3200 |
| H | Record vote | RV#847 | 05/07/2011 | | 3200 |
| H | Passed to engrossment | | 05/07/2011 | | 3200 |
| H | Statement(s) of vote recorded in Journal | | 05/07/2011 | | 3199 |
| H | Record vote | RV#846 | 05/07/2011 | | 3199 |
| H | Motion prevails | | 05/07/2011 | | 3199 |
| H | Motion for the previous question | | 05/07/2011 | | 3199 |
| H | Statement(s) of vote recorded in Journal | | 05/07/2011 | | 3198 |
| H | Record vote | RV#844 | 05/07/2011 | | 3197 |
| H | Motion to suspend rules | | 05/07/2011 | | 3197 |
| H | Point of order overruled | Rule 6, Section 6 and Rule 13, Section 1 | 05/07/2011 | | 3197 |
| H | Read 2nd time | | 05/07/2011 | | 3197 |
| H | Placed on Emergency Calendar | | 05/07/2011 | | |
| H | Considered in Calendars | | 05/06/2011 | | |
| H | Committee report sent to Calendars | | 05/05/2011 | | |
| H | Committee report distributed | | 05/05/2011 | 11:09 PM | |
| H | Comte report filed with Committee Coordinator | | 05/05/2011 | | 3178 |
| H | Reported favorably as substituted | | 05/05/2011 | | |
| H | Committee substitute considered in committee | | 05/05/2011 | | |
| H | Considered in formal meeting | | 05/05/2011 | | |
| H | Returned to committee | | 05/05/2011 | | 3073 |
| H | Point of order sustained | Rule 4, Section 32(b)(9) | 05/05/2011 | | 3073 |
| H | Point of order overruled | Rule 4, Section 32(b) | 05/05/2011 | | 3073 |
| H | Read 2nd time | | 05/05/2011 | | 3073 |
| H | Placed on Major State Calendar | | 05/05/2011 | | |
| H | Considered in Calendars | | 05/02/2011 | | |
| H | Committee report sent to Calendars | | 04/27/2011 | | |
| H | Committee report distributed | | 04/26/2011 | 05:38 PM 876 | |
| H | Comte report filed with Committee Coordinator | | 04/26/2011 | | 2324 |

| | | | |
|---|---|---|---|
| H | Reported favorably as substituted | 04/14/2011 | |
| H | Committee substitute considered in committee | 04/14/2011 | |
| H | Recalled from subcommittee | 04/14/2011 | |
| H | Considered in formal meeting | 04/14/2011 | |
| H | Subcommittee members named | 04/11/2011 | |
| H | Referred to subcommittee | 04/11/2011 | |
| H | Committee substitute considered in committee | 04/11/2011 | |
| H | Recalled from subcommittee | 04/11/2011 | |
| H | Considered in public hearing | 04/11/2011 | |
| H | Scheduled for public hearing on . . . | 04/11/2011 | |
| H | Left pending in subcommittee | 04/06/2011 | |
| H | Testimony taken/registration(s) recorded in subcommittee | 04/06/2011 | |
| H | Considered by s/c in public hearing | 04/06/2011 | |
| H | Scheduled for public hearing in s/c on . . . | 04/06/2011 | |
| H | Posting rule suspended | 04/05/2011 | 1488 |
| H | Subcommittee members named | 04/04/2011 | |
| H | Referred directly to subcommittee by chair | 04/04/2011 | |
| H | Referred to Judiciary & Civil Jurisprudence | 03/14/2011 | 777 |
| H | Read first time | 03/14/2011 | 777 |
| H | Filed | 03/10/2011 | |